IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AIR-CON, INC., <br><br>**Plaintiff**, <br><br> v. <br><br> DAIKIN APPLIED LATIN AMERICA, LLC, <br><br>**Defendant.** | CIV. NO. 18-1800 (RAM) |

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant Daikin Applied Latin America, LLC's ("Daikin") *Motion for Voluntary Dismissal without Prejudice of Remaining Collection of Monies Claim of Counterclaim* ("*Motion for Voluntary Dismissal*") and Plaintiff Air-Con, Inc.'s ("Air-Con") *Position Regarding Daikin's Request for Voluntary Dismissal of Collection of Monies Counterclaim at Dkts. 145 and 147 and in Compliance with Court Order at Dkt. 146* ("*Response in Opposition*"). (Docket Nos. 147 and 148). For the reasons set forth below, the Court **GRANTS** Daikin's *Motion for Voluntary Dismissal* and **DISMISSES WITHOUT PREJUDICE** the collection-of-monies counterclaim without the imposition of any conditions pursuant to Fed. R. Civ. P. 41(a)(2).

I. FACTUAL AND PROCEDURAL BACKGROUND

This action began with Air-Con's July 26, 2018, complaint against Daikin and was preceded by a 2015 lawsuit that Air-Con had

voluntarily dismissed. (Docket Nos. 15-1, 83-12 and 86-12). Air-Con's primary claims in this action were brought under the Puerto Rico Dealer's Act, Law No. 75 of June 24, 1964, as amended, P.R. Laws Ann. tit. 10 §§ 278-278e ("Law 75"). (Docket No. 15-1). The complaint was amended twice. (Docket Nos. 15-5 and 15-10).

Originally assigned to the Honorable Gustavo A. Gelpí, the action was dismissed in favor of arbitration on June 25, 2019. (Docket Nos. 30 and 31). The U.S. Court of Appeals for the First Circuit reversed and remanded on December 20, 2021. (Docket No. 44). Also on December 20, 2021, the case was transferred to the undersigned. (Docket No. 45). The mandate was received from the Court of Appeals on January 11, 2022. (Docket No. 46). Daikin subsequently counterclaimed for declaratory judgment and collection of monies on February 25, 2022. (Docket No. 53).

The parties embarked on discovery proceedings. (Docket No. 77). Daikin moved for summary judgment on September 28, 2023. (Docket No. 83). After protracted briefing, on March 8, 2024, the Court granted in part Daikin's motion for summary judgment, dismissing Air-Con's claims under Law 75 and denying Daikin's counterclaim for declaratory judgment. (Docket No. 129). Thus, only Daikin's counterclaim for collection of monies ("Counterclaim") remains pending. Id. Also on March 8, 2024, the Court set the Counterclaim for a September 24-27, 2024, jury trial.

Case 3:18-cv-01800-RAM    Document 150    Filed 08/20/24    Page 3 of 8

Civil No. 18-1800 (RAM)                                                    3

(Docket No. 130). Plaintiff never moved for summary judgment on the Counterclaim.

On August 1, 2024, Daikin filed a *Motion to Inform Voluntary Dismissal without Prejudice of Remaining Collection of Monies Claim of Counterclaim.* (Docket No. 145). Daikin explained it would be moving for voluntary dismissal of the Counterclaim because "[t]hat way, the Court can enter judgment and this case can conclude." Id. ¶ 3. Daikin stated it had prepared a stipulation of dismissal and submitted it to Air-Con's counsel, who was traveling at the time. Id. ¶ 4. Consequently, the Court issued an Order noting Daikin's informative motion and requiring the filing of a stipulation for voluntary dismissal by August 16, 2024. (Docket No. 146). The Order warned non-compliance would result in dismissal of the Counterclaim without prejudice. Id.

On August 13, 2024, Daikin filed its *Motion for Voluntary Dismissal.* (Docket No. 147). Daikin stated it was unable to reach a stipulation because Air-Con conditioned its consent on either the Counterclaim being dismissed **with** prejudice or payment of Air-Con's fees and costs. Id.

On August 14, 2024, Air-Con filed its *Response in Opposition.* (Docket No. 148). In a nutshell, Air-Con alleges Daikin did not provide an explanation for moving to dismiss the Counterclaim and did so "only 5 days before the deadline to file the pretrial brief

and 19 days before the pretrial conference." Id. ¶ 15. Air-Con invokes Fed. R. Civ. P. 41(a)(2) and requests dismissal of the Counterclaim be subject to one of the two above-mentioned conditions. Id. ¶ 17.

## II. LEGAL STANDARD

When a plaintiff moves to dismiss an action without a stipulation and after the defending party has already served an answer or moved for summary judgment, Fed. R. Civ. P. 41(a) authorizes the court to dismiss the action on terms it deems proper. Specifically, Fed. R. Civ. P. 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The court-order requirement is intended to prevent legal prejudice to the other parties. *See* Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (citations omitted); P.R. Mar. Ship. Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (citation omitted). Such prejudice is not evinced by the "mere prospect of a second lawsuit." Urohealth Sys., Inc., 216 F.3d at 160 (citation omitted).

When ruling on dismissal under Fed. R. Civ. P. 41(a)(2), district courts in the First Circuit usually consider the following factors: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of

the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "the fact that a motion for summary judgment has been filed by the defendant." Id.; *see also* United States *ex rel*. Polansky v. Exec. Health Res., Inc., 599 U.S. 419, 437 (2023) (noting courts focus on whether a "party's 'commitment of time and money' militates against dismissal") (citations omitted). District courts are neither required to analyze each of these factors nor precluded from considering others. Urohealth Sys., Inc., 216 F.3d at 160.

### III. ANALYSIS

As noted earlier, the Court will order dismissal of the Counterclaim **without** prejudice and will not impose conditions such as attorney's fees and costs.

The Court concludes dismissal without prejudice is appropriate based on a variety of considerations. First, contrary to Air-Con's contention, Daikin provided an adequate explanation of its voluntary dismissal of the Counterclaim: to pave the way for entry of final judgment. (Docket No. 145 at 1). The Court is satisfied by this explanation. The Counterclaim is the only bar to entry of final judgment and appellate review of the Court's March 8, 2024, Opinion and Order granting summary judgment dismissing Air-Con's Law 75 claims. This assessment is confirmed by the Court of Appeal's July 8, 2024, Judgment dismissing Air-Con's improper

attempt at an interlocutory appeal of the Court's Opinion and Order. (Docket No. 144). Given that the parties have been litigating since 2015, Daikin's desire to expedite appellate review of the Court's summary judgment order is reasonable. *Cf.* Pagan-Garcia v. Rodriguez, 2017 WL 377911, at *1, 4 (D.P.R. 2017) (granting dismissal without prejudice despite plaintiffs failing to provide an explanation in their motion to dismiss).

Second, as noted earlier, the prospect of subsequent litigation of Daikin's collection-of-monies claim does not amount to legal prejudice against Air-Con that would require dismissal of the Counterclaim with prejudice. Urohealth Sys., Inc., 216 F.3d at 160 (citation omitted). Moreover, Air-Con is ill-positioned to complain about further litigation since it is expected to appeal the Court's dismissal of its Law 75 claims so it can resume prosecuting them.

Third, Air-Con has not filed for summary judgment on the Counterclaim. This is not a situation where the plaintiff appears to be using voluntary dismissal as a tool to delay or avoid an adverse summary judgment ruling. *See* Pace v. S. Exp. Co., 409 F.2d 331, 334 (7th Cir. 1969).

As to Air-Con's demand for fees and costs, its *Response in Opposition* is devoid of even a conclusory proffer of the effort and expense invested in preparation for trial of the Counterclaim.

Air-Con merely notes Daikin moved for voluntary dismissal of its Counterclaim "only 5 days before the deadline to file the pretrial brief and 19 days before the pretrial conference." (Docket No. 148 ¶ 15). *See* Kutzer v. GlaxoSmithKline LLC, 2019 WL 2176811, at *2 (D. Mass. 2019) (denying defendant's request for attorney's fees under Fed. R. Civ. P. 41(a)(2) since request was "generalized" and defendant made no attempt to substantiate the fees paid).

Moreover, the Court considers Air-Con's Fed. R. Civ. 41(a)(2) fee request in the context of the overall litigation. The parties have been litigating Air-Con's Law 75 claims since 2015, and this federal lawsuit began in 2018. (Docket No. 1). Daikin lodged its Counterclaim on February 25, 2022, when the parties had already been embroiled for nearly four years in this lawsuit and in litigation nearly seven years overall. (Docket No. 53). The Counterclaim, which turns on less than $170,000 in dispute, is relatively simple in relation to the Law 75 claims. *See* (Docket Nos. 83-1 at 14 and 95 at 26-27). Thus, any attorney's fees and costs expended on the Counterclaim are bound to be insignificant when compared to the fees and costs expended on Air-Con's Law 75 claims. *Cf.* Glob. Aerospace, Inc. v. Platinum Jet Mgt., LLC, 2011 WL 1342993, at *3 (S.D. Fla. 2011) (denying defendant's request for attorney's fees and costs since defendant had authored only small portion of total documents filed in the action); Kutzer, at

*2 (denying costs after considering "proceeding as a whole" since claims being voluntarily dismissed had added no marginal costs).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's *Motion for Voluntary Dismissal without Prejudice of Remaining Collection of Monies Claim of Counterclaim* at Docket No. 147 and **DISMISSES WITHOUT PREJUDICE** the collection-of-monies counterclaim without the imposition of any conditions pursuant to Fed. R. Civ. P. 41(a)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of August 2024.

                                            s/Raúl M. Arias-Marxuach
                                            UNITED STATES DISTRICT JUDGE